IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JEFFREY C. NATION,                              09-CV-6194-JE

      Plaintiff,                            ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

      Defendant.


**KATHRYN TASSINARI**
**ROBERT A. BARON**
Harder, Well, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
(541) 686-1969

      Attorneys for Plaintiff

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - ORDER

**DAVID MORADO**
Regional Chief Counsel
**MATHEW W. PILE**
**LEISA A. WOLF**
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3760

      Attorneys for Defendant


**BROWN, Judge.**

    Magistrate Judge John Jelderks issued Findings and Recommendation (#18) on September 15, 2010, in which he recommends this Court affirm the Commissioner's decision in which he found Plaintiff was not disabled between the alleged onset of his disability on June 16, 2005, and the expiration of his insured status on December 31, 2005.

    Plaintiff filed timely Objections (#21) to the Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  See also *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

2 - ORDER

Plaintiff objects to the Magistrate Judge's Findings and Recommendation on the following grounds:  (1) the ALJ erred by failing to order a consultative psychological evaluation of Plaintiff; (2) the ALJ erred in finding Plaintiff has the residual functional capacity to perform medium work in light of his medical impairments; and (3) the Magistrate Judge erred when he reached the "post-hoc" conclusion that "Plaintiff was malingering" as a grounds for finding the ALJ provided sufficient reasons for discrediting Plaintiff's testimony.

With respect to the first two asserted grounds for error, Plaintiff reiterates in his Objections the arguments he made in his Brief (#14) challenging the Commissioner's decision and his Reply (#17).  This Court has carefully considered those Objections and concludes the Magistrate Judge thoroughly and properly addressed each of Plaintiff's arguments.  Thus, the Court has reviewed those portions of the record *de novo* and concludes Plaintiff's first two Objections do not provide a basis to modify the Findings and Recommendation.

As noted, Plaintiff also objects to the Magistrate Judge's conclusions that the record contains evidence that Plaintiff is malingering and, therefore, the ALJ did not err when he discounted Plaintiff's credibility.  Plaintiff contends the Magistrate Judge's conclusion that Plaintiff is malingering is an impermissible *post-hoc* review of the record because the ALJ did

3 - ORDER

not reach that conclusion.

The Commissioner, however, contends the Magistrate Judge did not, in fact, conclude Plaintiff was malingering but instead merely found the record contained affirmative evidence of malingering.  According to the Commissioner, the Court must, therefore, determine whether to apply the heightened "clear and convincing" standard to the ALJ's bases for discrediting Plaintiff's testimony.  *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009)(without affirmative evidence of malingering in the record, the Commissioner must provide clear and convincing reasons for rejecting the claimant's testimony). Thus, the Commissioner contends the determination as to whether the "clear and convincing" standard applies does not depend on a conclusion that the claimant is actually malingering, but is based merely on whether there is affirmative evidence in the record of malingering.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 n.1 (9th Cir. 2008).  In *Carmickle*, the Ninth Circuit held:

> As we noted in a recent unpublished decision, the statement in *Robbins v. Social Security Administration*, 466 F.3d 880, 883 (9th Cir. 2006), suggesting that the ALJ must make a specific finding of malingering before the clear-and-convincing-reasons standard applies is an anomaly in this Circuit's caselaw. *Schow v. Astrue*, 272 Fed. Appx. 647, 650-52 (9th Cir. 2008).  In fact, in cases both pre- and post-dating *Robbins*, we have held that the clear-and-convincing-reasons standard applies so long as there is "affirmative

4 - ORDER

>         evidence suggesting . . . malingering."
>         *Smolen*, 80 F.3d at 1283-84; see *Lingenfelter*,
>         504 F.3d at 1036 (same).

*Id.*

In assessing the ALJ's reasons for discrediting Plaintiff's statements regarding the intensity, persistence, and limiting effects of Plaintiff's impairments, the Magistrate Judge found the record contains evidence that Plaintiff has objectively verifiable medical impairments, but the record also contains evidence that Plaintiff is malingering.  Thus, the Magistrate Judge concluded the ALJ's reasons for discrediting Plaintiff's testimony do not have to meet the high standard of "clear and convincing."  See *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  See also *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The Magistrate Judge, however, concluded that even under the heightened evidentiary standard of clear and convincing, the ALJ provided legally sufficient reasons supported by substantial evidence in the record for discrediting Plaintiff's subjective symptom testimony.

The Magistrate Judge pointed to several medical reports in the record in which Plaintiff's physicians invalidated examination results because of "significant discrepancies," "abnormal" testing, and "inappropriate response[s]" during physical examinations.  Plaintiff does not dispute these findings

5 - ORDER

specifically, but he asserts generally the Magistrate Judge cannot reach the conclusion that there is evidence in the record of malingering if neither the ALJ nor the physicians found Plaintiff to be malingering.

In accordance with *Carmickle*, the Court concludes the Magistrate Judge may appropriately determine whether there is evidence of malingering in the record regardless whether the ALJ reaches that conclusion.  Here the Court concludes the Magistrate Judge's finding that the record contains evidence of Plaintiff's malingering is supported by the record.  *See id.*

In any event, the ALJ provided numerous other bases for discrediting Plaintiff's subjective symptom testimony.  The ALJ concluded, *inter alia*, that Plaintiff's claims of total disability were contradicted by medical sources in the record. For example, despite Plaintiff's complaints of disabling depression, the record reflects Plaintiff did not seek any treatment between 1990 and 2005 and was able to maintain gainful employment for long periods over that span.  Moreover, the ALJ found Plaintiff failed to follow the advice of his physicians to attend vocational rehabilitation and stress-management courses. The ALJ also pointed out that VA records reflected Plaintiff's degenerative knee and back impairments were mild.  In addition, the record contains treatment notes from the Veterans Affairs that reflect Plaintiff's diagnosis of Post-Traumatic Stress

6 - ORDER

Syndrome was a "false positive," that Plaintiff did not meet diagnostic criteria for major depressive disorder, and that Plaintiff did not require "further intervention." Each of these bases are properly considered by an ALJ in determining a claimant's credibility. *See* 20 C.F.R. § 404.1529. The Court concludes these reasons are clear and convincing bases supported by substantial evidence in the record for discrediting Plaintiff's subjective-symptom testimony and satisfy the heightened evidentiary standard even if the record does not contain evidence of malingering.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Jelderks's Findings and Recommendation (#18). Accordingly, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 20th day of December, 2010.

                                          /s/ Anna J. Brown
                                          ANNA J. BROWN
                                          United States District Judge